**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-30336
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MILTON JACKSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:01-CR-60125-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On appeal from the district court's order that denied Milton Jackson relief pursuant to 18 U.S.C. § 3582(c)(2), the Federal Public Defender appointed to represent Jackson moved for leave to withdraw and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Jackson filed a response.

We previously ordered that counsel file a supplemental brief addressing whether there are any nonfrivolous issues regarding the district court's failure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to rule on Jackson's pro se motions. Counsel has filed a supplemental brief addressing this issue and has concluded that Jackson's pro se motion qualifies as a motion for reconsideration and renders the district court's order nonfinal for purposes of appeal.

This court has held that a criminal defendant does not have the right to a "hybrid representation." *United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999). Because the record reflects that Jackson was represented by counsel at the time he filed his pro se motion for rehearing, his pro se motion was an unauthorized motion, and the district court properly disregarded it. *Id.* Consequently, the district court's failure to address the motion does not divest this court of jurisdiction.

Our independent review of the record, counsel's brief, and Jackson's response discloses no nonfrivolous issue for appeal. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. Counsel's motion to dismiss for lack of jurisdiction is DENIED.